UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NEW YORK LEGAL ASSISTANCE GROUP, INC.,

                Plaintiff,

-against-

UNITED STATES DEPARTMENT OF HOMELAND SECURITY, UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, UNITED STATES CUSTOMS AND BORDER PROTECTION, UNITED STATES SECRET SERVICE, FEDERAL PROTECTIVE SERVICES, AND OFFICE OF INTELLIGENCE AND ANALYSIS,

                Defendants.

No. 22 Civ. 5928 (AKH)

**ANSWER**

---

Defendants United States Department of Homeland Security ("DHS"), United States Immigration and Customs Enforcement ("ICE"), United States Customs and Border Protection ("CBP"), United States Secret Service ("USSS"), Federal Protective Services ("FPS"), and the Office of Intelligence and Analysis ("I&A," and together with DHS, ICE, CBP, USSS, and FPS, the "Defendants"), by their attorney, Damian Williams, United States Attorney for the Southern District of New York, hereby answer the complaint (ECF No. 1, "Complaint"), of New York Legal Assistance Group, Inc. ("Plaintiff"), upon information and belief as follows:

    1.     Paragraph 1 consists of Plaintiff's characterization of this action, to which no response is required. To the extent that a response is deemed required, admit that Plaintiff brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

    2.     The allegations contained in Paragraph 2 do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is deemed required, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3.      Admit that Plaintiff submitted a FOIA request to DHS and ICE on September 29, 2020. Defendants respectfully refer the Court to that request for a complete and accurate statement of its contents and deny any allegations inconsistent therein. The remainder of the allegations contained in Paragraph 3 do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is deemed required, deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 3 of the Complaint.

4.      Admit that as of the date of the filing of the Complaint, Defendants have not provided a final response to Plaintiff. Otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5.      Paragraph 5 consists of conclusions of law regarding exhaustion of administrative remedies under the FOIA and Plaintiff's characterization of the relief requested in this action, to which no response is required. To the extent that a response is deemed required, deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's exhaustion of its administrative remedies, and deny that Plaintiff is entitled to the requested relief or to any relief.

6.      Paragraph 6 consists of conclusions of law regarding jurisdiction, to which no response is required. To the extent that a response is deemed required, admit that this Court has jurisdiction, subject to the limitations of the FOIA.

7.      Paragraph 7 consists of conclusions of law regarding venue, to which no response is required. To the extent a response is deemed required, admit.

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. Admit that DHS is a federal executive department headquartered in Washington D.C., and an agency within the meaning of the FOIA.

11. Admit that DHS contains various operational and support components including ICE, CBP, USSS, FPS and I&A, and that ICE, CBP, and USSS are federal law enforcement agencies within DHS. The remainder of the allegations contained in Paragraph 11 do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is deemed required, deny Plaintiff's descriptions of Defendants are accurate and complete and respectfully refer the Court to the referenced websites for a complete and accurate statement of their contents.

12. The allegations contained in Paragraph 12 do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is deemed required, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. The allegations contained in Paragraph 13 do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is deemed required, ICE avers that ICE agents were involved in the brief detention of an individual in early June 2020 near protests occurring on the Upper West Side in New York City, and no arrest was made. ICE admits that the quoted statement is accurate, but incomplete. Defendants otherwise deny the allegations contained in Paragraph 13 of the Complaint and respectfully refer the Court to the referenced websites for a complete and accurate statement of their contents.

14. The allegations contained in Paragraph 14 do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is deemed required, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. The allegations contained in Paragraph 15 do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is deemed required, deny.

16. The allegations contained in Paragraph 16 do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is deemed required, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. The allegations contained in Paragraph 17 do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent that a response is deemed required, deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Admit that on September 29, 2020, Plaintiff submitted a FOIA request to DHS and ICE, and respectfully refer the Court to the referenced Exhibit A attached to the Complaint for a complete and accurate statement of its contents.

19. DHS admits.

20. CBP admits.

21. USSS admits.

22. USSS admits that as of the date of the filing of the Complaint, it had not produced any documents to Plaintiff, and admits that USSS sent a letter to Plaintiff dated October 15,

2020. Defendants respectfully refer the Court to the referenced Exhibit E attached to the Complaint for a complete and accurate statement of its contents.

23. ICE admits.

24. I&A admits that it sent a letter to Plaintiff dated December 16, 2020. Defendants deny Plaintiff's characterization of the letter and respectfully refer the Court to the referenced Exhibit G attached to the Complaint for a complete and accurate statement of its contents.

25. I&A admits that Plaintiff sent a letter to I&A dated February 2, 2021, and that as of the date of the filing of the Complaint, it had not responded to Plaintiff. Defendants deny Plaintiff's characterization of the letter and respectfully refer the Court to the referenced Exhibit H attached to the Complaint for a complete and accurate statement of its contents.

26. DHS admits that it sent a letter to Plaintiff dated February 11, 2021. Defendants respectfully refer the Court to the referenced Exhibit I attached to the Complaint for a complete and accurate statement of its contents.

27. DHS admits that as of the date of the filing of the Complaint, it had not produced any documents to NYLAG and admits that DHS sent a letter to Plaintiff dated February 11, 2021. Defendants respectfully refer the Court to the referenced Exhibit I attached to the Complaint for a complete and accurate statement of its contents.

28. Deny, except admit that as of the date of the filing of the Complaint, Defendants had not provided a final response to Plaintiff.

29. Admit the allegations contained in the first sentence of Paragraph 29, aver that Defendants had no obligation to provide such information to Plaintiff under the FOIA, and otherwise deny the allegations contained in Paragraph 29 of the Complaint.

30. Admit Plaintiff filed an appeal on April 12, 2021, and respectfully refer the Court to the referenced Exhibit J attached to the Complaint for a complete and accurate statement of its contents.

31. Admit and respectfully refer the Court to the referenced Exhibit J attached to the Complaint for a complete and accurate statement of its contents.

32. DHS admits to sending two letters dated September 3, 2021, acknowledging Plaintiff's appeal of the response by I&A and the DHS Office of the Chief Privacy Officer. Defendants respectfully refer the Court to the referenced Exhibits K and L attached to the Complaint for a complete and accurate statement of their contents.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint. Defendants respectfully refer the Court to the referenced Exhibit M attached to the Complaint for a complete and accurate statement of its contents.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint. Defendants respectfully refer the Court to the referenced Exhibit N attached to the Complaint for a complete and accurate statement of its contents.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint. Defendants respectfully refer the Court to the referenced Exhibit O attached to the Complaint for a complete and accurate statement of its contents.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint. Defendants respectfully refer the Court

to the referenced Exhibit P attached to the Complaint for a complete and accurate statement of its contents.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint. Defendants respectfully refer the Court to the referenced Exhibit Q attached to the Complaint for a complete and accurate statement of its contents.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint. Defendants respectfully refer the Court to the referenced Exhibit R attached to the Complaint for a complete and accurate statement of its contents.

39. Admit only that as of the date of the filing of the Complaint, Defendants had not yet provided a final response to Plaintiff regarding the FOIA request.

40. Paragraph 40 consists of legal conclusions as to the requirements of the FOIA, to which no response is required. To the extent a response is deemed required, deny any response to Plaintiff's FOIA request is overdue and respectfully refer the Court to the statute and regulation cited by Plaintiff for a complete and accurate statement of their contents.

41. Admit only that as of the date of the filing of the Complaint, Defendants had not yet provided a final response to Plaintiff regarding the FOIA request and deny the remaining allegations in Paragraph 41 of the Complaint. As to the bullet points listed under paragraph 41, Defendants respond as follows:

    a. First bullet point: DHS admits that it acknowledged receipt of Plaintiff's FOIA request and assigned a tracking number on October 5, 2020, as of the date of the filing of the Complaint, DHS had not yet provided a final response to Plaintiff

      regarding the FOIA request, and otherwise denies the remaining allegations in this bullet point.

b. Second bullet point: CBP admits that it acknowledged receipt of Plaintiff's FOIA request and invoked the ten-day extension on October 5, 2020, as of the date of the filing of the Complaint, CBP had not yet provided a final response to Plaintiff regarding the FOIA request, and otherwise denies the remaining allegations in this bullet point.

c. Third bullet point: USSS admits that it acknowledged receipt of Plaintiff's FOIA request on October 7, 2020, sent a letter to Plaintiff dated October 15, 2020 noting that records had been located, and as of the date of the filing of the Complaint, USSS had not yet provided a final response to Plaintiff regarding the FOIA request.

d. Fourth bullet point: ICE admits that it acknowledged receipt of Plaintiff's FOIA request and invoked the ten-day extension on October 20, 2020, and as of the date of the filing of the Complaint, ICE had not yet provided a final response to Plaintiff regarding the FOIA request.

e. Fifth bullet point: I&A admits that it sent a letter to Plaintiff dated December 16, 2020, and that as of the date of the filing of the Complaint, it had not responded to Plaintiff. DHS admits that it sent a letter to Plaintiff dated February 11, 2021. Defendants otherwise deny the remainder of the allegations in this bullet point, and respectfully refer the Court to the referenced Exhibits G and I attached to the Complaint for a complete and accurate statement of their contents.

42.     Paragraph 42 consists of conclusions of law regarding exhaustion of administrative remedies under the FOIA and Plaintiff's characterization of the relief requested in this action, to which no response is required. To the extent that a response is deemed required, deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's exhaustion of its administrative remedies, and deny that Plaintiff is entitled to the requested relief or to any relief.

43.     Paragraph 43 consists of legal conclusions as to whether search fees for responding to Plaintiff's FOIA request should be waived or reduced pursuant to 5 U.S.C. § 552(a)(4)(A)(viii)(I) and 6 C.F.R. § 5.11(d)(2), to which no response is required. To the extent a response is required, deny.

44.     Paragraph 44 consists of legal conclusions as to whether search fees for responding to Plaintiff's FOIA request should be waived or reduced pursuant to 5 U.S.C. § 552(a)(4)(A)(iii), to which no response is required. To the extent a response is required, deny.

45.     Defendants incorporate by reference the foregoing responses in this Answer contained in Paragraphs 1 through 44 above, as if fully set forth herein.

46.     Admit.

47.     Admit that Defendants are all agencies within the meaning of the FOIA. The remainder of the allegations contained in Paragraph 47 consists of a legal conclusion as to Defendants' duty generally under the FOIA, to which no response is required. To the extent a response is required, deny.

48.     Paragraph 48 consists of a legal conclusion as to the adequacy of Defendants' search in response to Plaintiff's FOIA request, to which no response is required. To the extent a response is required, deny.

49. Admit that Defendants have not yet informed Plaintiff of which, if any, exemptions under the FOIA to producing documents they intend to invoke in response to Plaintiff's FOIA request, and otherwise deny the remaining allegations.

50. Admit only that Defendants have not provided responsive records to Plaintiff. The remainder of the allegations contained in Paragraph 50 consists of legal conclusions as to violation of the FOIA, to which no response is required. To the extent a response is required, deny.

51. Paragraph 51 consists of a legal conclusion as to Plaintiff's entitlement to relief, to which no response is required. To the extent a response is required, deny Plaintiff is entitled to the requested relief or to any relief.

52. The unnumbered paragraph following Paragraph 51, beginning with "WHEREFORE," consists of Plaintiff's demand for relief, to which no response is required. To the extent a response is deemed required, deny that Plaintiff is entitled to the requested relief or to any relief.

## DEFENSES

### FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff failed to exhaust its administrative remedies prior to filing this action.

### THIRD DEFENSE

Some or all of the requested records are records protected from disclosure by any applicable FOIA exemptions or exclusions. *See* 5 U.S.C. § 552(b).

## FOURTH DEFENSE

At all times alleged in the complaint, Defendants acted in good faith, with justification, and pursuant to authority.

## FIFTH DEFENSE

The Court lacks subject matter jurisdiction to the extent Plaintiff's request for relief exceeds the relief authorized under FOIA.

## SIXTH DEFENSE

Plaintiff is not entitled to declaratory relief. *See* 5 U.S.C. § 552(a)(4)(B).

## SEVENTH DEFENSE

Some or all of the relief sought by Plaintiff is barred by the Privacy Act. *See* 5 U.S.C. § 552a.

## EIGHTH DEFENSE

To the extent Plaintiff seeks expedited processing of its FOIA request, Plaintiff is not entitled to such expedited processing. *See* 5 U.S.C. § 552(a)(6)(E).

## NINTH DEFENSE

Plaintiff's FOIA request does not reasonably describe the records sought. *See* 5 U.S.C. § 552(a)(3)(A).

## TENTH DEFENSE

Responding to Plaintiff's FOIA request would impose an unreasonable burden on Defendants.

The Defendants may have additional defenses that are not known at this time but may become known through discovery. Accordingly, the Defendants reserve the right to assert each

and every affirmative or other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE the Defendants respectfully request that the Court: (1) dismiss the Complaint with prejudice; (2) enter judgment in favor of the Defendants; and (3) grant such further relief as the Court deems just and proper.

Dated:     September 16, 2022
           New York, New York

                              Respectfully submitted,

                              DAMIAN WILLIAMS
                              United States Attorney for the
                              Southern District of New York

       By:  */s/ David E. Farber*
            DAVID E. FARBER
            Assistant United States Attorney
            86 Chambers Street, 3rd Floor
            New York, New York 10007
            Tel.: (212) 637-2772
            Email: david.farber@usdoj.gov